IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J. DANIEL GODARD, JR., *et al.*,         ) | |
| ) | |
|     Plaintiffs,         ) | |
| ) | |
| v.         ) | CIVIL ACTION 06-0267-WS-C |
| ) | |
| ALABAMA PILOT, INC.,         ) | |
| ) | |
|     Defendant.         ) | |

**ORDER**

      This matter is before the Court on defendant Alabama Pilot, Inc.'s Motion for Leave to Amend Answer (doc. 21), pursuant to Rule 15(a), Fed.R.Civ.P.  The Motion, which is opposed by plaintiffs, has been briefed and is ripe for disposition.

**I.    Background.**

      Plaintiffs, who consist of nine employees of defendant Alabama Pilot, maintain that defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), by incorrectly classifying them as "seamen" who are exempt from the overtime pay requirements of 29 U.S.C. § 207(a). (Amended Complaint (doc. 10), ¶¶ 17-20.)  According to plaintiffs, Alabama Pilot intentionally, knowingly and willfully violated the FLSA by misrepresenting them as seamen and failing to pay them overtime compensation.  (*Id.*, ¶¶ 18-19.)  This action is brought by plaintiffs on behalf of themselves and all others similarly situated.

      In its Answer (doc. 11), Alabama Pilot proffers nine affirmative defenses, including specific assertions that plaintiffs and others similarly situated were properly classified as seamen, and are therefore exempt for overtime purposes.  Of particular note, the Answer recites as a Sixth Defense that Alabama Pilot did not act willfully or in reckless disregard of its FLSA obligations, such that liquidated damages are unavailable and the applicable limitations period is two years. (Answer, at 3.)  Moreover, as its Eighth Defense, Alabama Pilot states that it acted reasonably and in good faith, precluding an award of liquidated damages.  (*Id.* at 4.)

On November 29, 2006, within the court-imposed timeframe for amending pleadings and joining parties, Alabama Pilot filed its Motion for Leave to Amend Answer, through which it seeks to interpose a Tenth Defense, to-wit: that plaintiffs are estopped from recovery by their actions and those of their collective bargaining agent, as reflected in collective bargaining negotiations and agreements. Plaintiffs counter that the estoppel defense is unavailable here, as a matter of law, such that the amendment should be denied.

## II.     Analysis.

Rule 15(a), Fed.R.Civ.P., provides that leave to amend pleadings "shall be freely given when justice so requires." *Id.*; *see also Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) ("leave to amend must be granted absent a specific, significant reason for denial"). The Eleventh Circuit has explained that such leave should be "freely given," as required by the rule, except in the presence of countervailing factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)); *see also Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). Although whether to grant leave to amend rests in the district court's discretion, Rule 15(a) "severely restricts" that discretion. *Sibley v. Lando*, 437 F.3d 1067, 1073 (11th Cir. 2005). Indeed, denying leave to amend is an abuse of discretion in the absence of a showing of one or more of the *Foman* factors. *See, e.g., Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (lower court should have permitted amendment to complaint where there was no evidence of prejudice or undue delay); *McKinley*, 177 F.3d at 1258 (opining that district court abused discretion in refusing to permit amendment where opposing party would not be prejudiced); *Florida Evergreen Foliage v. E.I. DuPont De Nemours and Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) ("Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not

broad enough to permit denial") (citation omitted).

In objecting to the proposed amendment, plaintiffs proceed exclusively on a futility theory. In particular, they contend that the Tenth Defense is not viable, as a matter of law, because (a) plaintiffs' right to FLSA overtime pay is not waivable and trumps any conflicting provisions in a collective bargaining agreement; and (b) employers cannot rely on collective bargaining agreement provisions to show good faith or lack of willfulness.

Leave to amend a pleading may properly be denied under Rule 15(a) "when such amendment would be futile." *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). Cases in this Circuit applying the futility test to a new defense in a proposed amended answer are few and far between; therefore, the Court derives guidance from analogous authorities relating to amended complaints. "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail." *St. Charles Foods, Inc. v. America's Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999). Translating that standard to the amended answer context, a finding of futility is, in effect, a legal conclusion that the proposed defense would necessarily fail. *See also Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) ("a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense"); *Massie v. Board of Trustees, Haywood Community College*, 357 F. Supp.2d 878, 884 (W.D.N.C. 2005) (motion to amend answer to state new affirmative defense in FLSA case should be denied as futile only if amendment is "clearly insufficient or frivolous on its face").

It is well settled that an employee's FLSA rights to overtime compensation eclipse and outweigh any contrary provisions in a collective bargaining agreement. *See, e.g., Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740-41, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) ("we have held that congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement"). Rather than challenging that point, Alabama Pilot protests that plaintiffs misconstrue the nature of the proposed estoppel defense. Rather than arguing that the applicable collective bargaining provisions preclude all FLSA liability, Alabama

Pilot intends for the Tenth Defense to bolster its good faith and lack of willfulness defenses (as pleaded in the Sixth and Eighth Defenses), as a means of averting liability for liquidated damages and of shortening the applicable look-back period for backpay from three years to two years. Alabama Pilot contends that the contents of the collective bargaining agreements and their surrounding negotiations go directly to its good faith and lack of wrongful intent.[1]

In response, plaintiffs argue that the terms of a collective bargaining agreement cannot be proof of good faith or lack of willfulness. They offer no Eleventh Circuit case law, nor any published authority of any stripe, to support this proposition. Instead, plaintiffs rely exclusively on *Ackler v. Cowlitz County*, 2001 WL 115019 (9th Cir. Feb. 8, 2001). On its face, *Ackler* states that an employer cannot satisfy its burden of establishing good faith and reasonableness for FLSA-violative conduct by "simply point[ing] to the employees' failure to ascertain and prevent the violation." *Id.* at *1. One possible reading of Alabama Pilot's Tenth Defense is that defendant seeks to show good faith solely by reliance on plaintiffs' failure to ascertain that Alabama Pilot had improperly classified them as seamen for FLSA purposes. That construction would fall within the proscriptions of *Ackler*. But other readings of the Tenth Defense are possible, and it is unclear at this juncture whether plaintiffs and their union simply passively accepted the seamen designation or whether, unlike in *Ackler*, they had a more active role. Clearly, then, the impact of *Ackler* on this case is indeterminate without a fact-specific analysis of the interactions between union and employer on this point. Any such inquiry is obviously premature at this time. Moreover, it is far from clear that *Ackler* is good law in this Circuit. Plaintiffs' approach would have this Court declare an amendment frivolous on its face based on a legal principle that plaintiffs have

---

[1] Thus characterized by Alabama Pilot, the Tenth Defense appears redundant of the Sixth and Eighth Defenses. More importantly, to argue, as Alabama Pilot does in briefing the Motion, that the collective bargaining negotiations and agreements are relevant to the good faith and willfulness issues is analytically distinct from stating, as the proposed Tenth Defense does, that those negotiations and agreements estop plaintiffs in some fashion. The parties' briefs do not explore this apparent disconnect. At most, Alabama Pilot's brief hints at emergent facts from recent depositions that might lend support to couching this defense in estoppel terms. Given the lack of briefing and evidentiary development on the topic, the validity of Alabama Pilot characterizing its Tenth Defense as one of "estoppel" rather than something else is best reserved for another day.

been unable to locate in any Eleventh Circuit opinion, or any published authority from any other circuit. Whatever the merits of the Tenth Defense might ultimately be found to be, the Court cannot categorically say that it is inadequate to pass muster under the extraordinarily low non-futility threshold. *See Hall v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local Union 143*, 188 F. Supp.2d 1013, 1018-19 (S.D. Ill. 2001) (proposed amendment to assert new defense might not ultimately prevail, but was not futile because binding appellate court had not spoken on key issue relating to that proposed defense).

### III.     Conclusion.

Because the Court cannot find as a matter of law that the proposed Tenth Defense is clearly insufficient or frivolous on its face, or that it must necessarily fail, the requested amendment is not futile. As plaintiffs have invoked no other *Foman* factors for opposing an amendment, and as Rule 15(a) provides that leave to amend should be freely given, the Motion for Leave to Amend Answer (doc. 21) is **granted**. That said, defendant has filed only a piecemeal proposed amendment, rather than an integrated, complete proposed amended answer. Pursuant to Section II.A.6. of this District Court's Administrative Procedures for Filing, Signing and Verifying Documents by Electronic Means, defendant is **ordered**, on or before **January 12, 2007**, to file a single Amended Answer, combining the proposed amendment set forth in its Motion to Amend with the original Answer (doc. 11) to form a freestanding, self-contained pleading.

DONE and ORDERED this 5th day of January, 2007.

    s/ WILLIAM H. STEELE
    UNITED STATES DISTRICT JUDGE