IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J. DANIEL GODARD, JR., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 06-0267-WS-C |
| ) | |
| ALABAMA PILOT, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

In the parties' Joint Pretrial Order (doc. 70) filed on April 3, 2007, plaintiffs objected to the proposed testimony of defendant's expert witness, Daniel F. MacKinnon. Although the Court's Order on Summary Judgment entered on April 10, 2007 left little room for doubt as to the viability of those objections, at the Final Pretrial Conference it became clear that the parties continue to disagree as to whether defendant may call MacKinnon as an expert witness at trial. As plaintiffs' objections had been briefed in connection with plaintiffs' Motion to Strike Expert Report and Testimony of Daniel F. MacKinnon (doc. 53) and as no party requested an opportunity to brief the matter further, the Court advised the parties at the pretrial conference that a ruling on plaintiffs' objections to MacKinnon's testimony would be made in due course.

The triable issue in this case is whether the nine plaintiffs fall within the Fair Labor Standards Act's exemption from overtime pay requirements for "any employee employed as a seaman." 29 U.S.C. § 213(b)(6). In an effort to meet its burden of proving that the exemption applies, defendant lists MacKinnon among the witnesses it will call at trial. (Joint Pretrial Order (doc. 70), at 10, 12.) In his report that defendant submitted as exhibit 19 to its motion for summary judgment (see doc. 47), MacKinnon offered the following expert opinions "based on [his] experience in the maritime industry": (a) that cleaning of crew quarters, preparation of meals, standing of radio watch, and light maintenance of crew quarters "are all routine seaman duties"; (b) "that seam[e]n regularly and routinely perform such duties while at sea"; (c) that overtime compensation for seamen on vessels is paid in accordance with terms of the applicable

collective bargaining agreement; (d) that launch operators' primary function is to put bar pilots on arriving vessels or remove them from departing vessels; and (e) that "in the maritime industry boat captains (launch operators) of pilot boats are universally considered to be seamen." (Doc. 47, at Exh. 19.) Defendant has acknowledged that MacKinnon is not an expert on the FLSA, that MacKinnon has not read the regulations governing the classification of seamen for FLSA exemption purposes, and that MacKinnon is instead being offered solely as an expert on the maritime industry.

On April 10, 2007, the undersigned entered an Order (doc. 72) denying the parties' cross-motions for summary judgment. That Order specifically rejected defendant's attempts to apply general maritime law principles to the definition of "seaman" under the FLSA. After careful review of relevant authorities on this point, the Court determined "that the general maritime definition of 'seaman' does not delineate the scope of the FLSA seaman exemption," inasmuch as "seaman" is "a term of art for FLSA purposes." (April 10 Order, at 15 & 25 n.31.) These determinations, which defendant has not challenged via motion to reconsider, are now the law of the case.[1] Accordingly, MacKinnon's proposed expert opinions concerning whether the maritime industry would or would not consider the plaintiffs in this case to be seamen are not relevant to the question of whether plaintiffs fall within the FLSA's seamen exemption because the term "seamen" as used in the FLSA is a term of art defined in a much narrower and more precise sense than it is in general maritime parlance. The question for the jury in this case is not whether plaintiffs would be considered seamen by the maritime industry, but is instead the very different question of whether plaintiffs are considered seamen under the FLSA and its accompanying regulations. As it is irrelevant to the triable issues joined in this case whether launch operators would be classified as seamen by the maritime industry, MacKinnon's

---

[1] *See Murphy v. F.D.I.C.*, 208 F.3d 959, 966 (11th Cir. 2000) (law of the case doctrine provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *Cox v. Alabama State Bar*, 392 F. Supp.2d 1295, 1298 n.3 (M.D. Ala. 2005) (same); *Commercial Union Ins. Co. v. SEPCO Corp.*, 300 F. Supp.2d 1198, 1201 (N.D. Ala. 2004) (describing law-of-the-case doctrine as implementing principle that courts should be loath to revisit prior decisions in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work manifest injustice).

testimony on this point is barred by Rule 402, Fed.R.Evid.[2]  Moreover, given that the term "seamen" may (and almost certainly does) have divergent meanings under the FLSA and in the maritime industry, any testimony as to the latter would serve only to confuse the jury in its deliberations concerning the former; therefore, such testimony is also foreclosed by Rule 403, Fed.R.Evid., which allows even relevant evidence to be excluded if its probative value is substantially outweighed by the danger of confusion of the issues, misleading the jury, or waste of time, all of which are present in abundance here.

In addition to opining that the maritime industry would regard plaintiff launch operators as seamen, MacKinnon would also testify that certain duties (*e.g.*, cleaning crew quarters, preparing meals, standing radio watch, and light maintenance of quarters) performed by plaintiffs are all seaman duties.  But the question of whether certain duties are seaman work or nonseaman work under the FLSA is a legal question hinging on the specific meaning of seaman work under that remedial statute.  Given his admitted lack of familiarity with the FLSA, MacKinnon is manifestly unqualified to offer opinions as to whether certain work would or would not be deemed seaman work under the FLSA, even if rendering legal opinions on such matters were a proper subject for expert testimony in the first place.  Thus, this testimony is properly excluded under Rule 702, Fed.R.Evid.  Besides, the Court has already determined as a

---

[2]     In so finding, the Court understands Alabama Pilot's position that the term "seaman" is defined interchangeably under the FLSA and general maritime principles.  To support its position, Alabama Pilot relies heavily on 29 C.F.R. § 783.29(b), wherein the Department of Labor ("DOL") reviewed the legislative history of the FLSA and found evidence that the exemption "was intended to exempt employees employed as 'seamen' in the ordinary meaning of that word."  *Id.*  Be that as it may, the DOL regulations did not adopt such a generic, heuristic definition of "seaman" for FLSA purposes, but instead imposed the following very specific, narrow, precise contours on the term as used in the Act: (a) to qualify for the seaman exemption, an employee must perform, as master or subject to the authority, direction and control of the master aboard a vessel, service which is rendered primarily as an aid in the operation of such vessel as a means of transportation; and (b) to qualify for the seaman exemption, the employee must not perform a substantial amount of work of a different character, with "substantial" being defined as occupying more than 20% of the employee's working time. 29 C.F.R. §§ 783.31 & 783.37.  For the reasons set forth at length in the April 10 Order, the Court finds that the DOL regulations delineating the scope of the FLSA's seaman exemption are entitled to deference; are a reasonable, sound construction of the statute; and will be applied here. (*See* April 10 Order, at 12-16.)

matter of law in the April 10 Order whether particular duties performed by plaintiff launch operators are properly classified as seaman work, and those determinations will be binding on the jury. (April 10 Order, at 17-23.) Because the question of whether particular duties do or do not qualify as seaman's work is a legal issue that the Court has already decided as a matter of law, MacKinnon's testimony on this point is also irrelevant and poses a substantial risk of confusing or misleading the jury or otherwise wasting time on collateral matters that the jury will not be charged with deciding; therefore, his opinions as to whether certain categories of work are seaman duties or nonseaman duties shall also be excluded under Rules 402 and 403.

The remaining opinions that defendant seeks to elicit from MacKinnon are that overtime compensation for seamen on vessels is paid in accordance with terms of the applicable collective bargaining agreement, and that launch operators' primary function is to put bar pilots on arriving vessels or remove them from departing vessels. The first of these opinions is irrelevant to the issue of whether plaintiffs are or are not exempt from the FLSA, while the second is an undisputed fact that appears universally agreed upon by both plaintiffs and defendant (April 10 Order, at 3-4), such that MacKinnon's testimony on that point would be cumulative even if it were a proper subject for expert testimony.

For all of the foregoing reasons, plaintiffs' objections to the contemplated trial testimony of defendant's expert Daniel F. MacKinnon are **sustained**. MacKinnon's proposed testimony as set forth in his expert report will be **excluded** from trial under Rules 402, 403 and 702 of the Federal Rules of Evidence, on the grounds that it is irrelevant; that any probative value it might have is vastly outweighed by the danger of confusing the jury, misleading the jury, wasting time, and needlessly presenting cumulative evidence; and that MacKinnon is not qualified to offer expert opinions as to whether certain job duties are properly considered seaman's work under the Fair Labor Standards Act.

DONE and ORDERED this 26th day of April, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE